1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVANCI, LLC, et al.,<br><br>Defendants. | Case No.19-cv-02520-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 156 |

On July 31, 2019, a subset of the defendants in this case (the "Moving Defendants") filed a motion to transfer the case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).  ECF No. 110.  Plaintiff Continental Automotive Systems, Inc. ("Plaintiff") filed its Opposition to the motion to transfer venue ("Opposition") on August 28, 2019.  ECF No. 157.  Before the Court is Plaintiff's administrative motion to seal portions of the Opposition and certain materials attached thereto.  ECF No. 156.  Having reviewed Plaintiff's submissions and the applicable sealing law, the Court GRANTS in part and DENIES in part the administrative motion to seal.

## I.      LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records

1

United States District Court
Northern District of California

1   and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

2   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

3   U.S. 589, 597 & n.7 (1978)).  As the Ninth Circuit has explained, this is a "common law right,"

4   *United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017), reflecting the American judicial system's

5   longstanding commitment to "the open courtroom," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025

6   (9th Cir. 2014).  The public policy favoring public access to judicial proceedings applies equally

7   to court records because "court records often provide important, sometimes the only, bases or

8   explanations for a court's decision." *Id.*  Accordingly, when considering a sealing request, "a

9   strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

10          To be precise, the strong presumption of access to judicial records applies fully to filings

11   that are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v.*

12   *Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  That presumption can only be overcome by a

13   showing of "compelling reasons" that "outweigh the general history of access and the public

14   policies favoring disclosure." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted).

15   The party seeking to seal a judicial record bears the burden of "articulat[ing] compelling reasons

16   supported by specific factual findings." *Id.* (internal quotation marks omitted).  Compelling

17   reasons justifying the sealing of court records generally exist "when such 'court files might have

18   become a vehicle for improper purposes,' such as the use of records to gratify private spite,

19   promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

20   (quoting *Nixon*, 435 U.S. at 598).  By contrast, "[t]he mere fact that the production of records may

21   lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without

22   more, compel the court to seal its records." *Id.* at 1178–79.

23          However, the Ninth Circuit has "carved out an exception" to the presumption of access for

24   materials filed in connection with motions that are not "more than tangentially related to the

25   underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099.  Because "the public has less

26   of a need for access" to documents that are "unrelated, or only tangentially related, to the

27                                                              2

28   Case No. 19-cv-02520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE
     UNDER SEAL

*United States District Court*
*Northern District of California*

1   underlying cause of action," parties moving to seal such documents need only meet the lower

2   "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Kamakana*, 447

3   F.3d at 1179. Still, the "good cause" standard requires a "particularized showing" that "specific

4   prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.*

5   *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P.

6   26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning"

7   will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation

8   omitted).

9       The Court begins, as it must, with the question of what test to apply to Plaintiff's motion—

10  "the presumptive 'compelling reasons' standard or the 'good cause' exception." *Ctr. for Auto*

11  *Safety*, 809 F.3d at 1097.

12      In determining whether the good cause exception covers a particular filing, the Ninth

13  Circuit has previously distinguished between "dispositive" and "nondispositive" motions. *Ctr. for*

14  *Auto Safety*, 809 F.3d at 1097; *see, e.g.*, *In re Midland Nat. Life Ins. Co. Annuity Sales Practices*

15  *Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("This exception is 'expressly limited to" judicial

16  records filed under seal when attached to a non-dispositive motion."). Based on this case law,

17  Plaintiff contends that the "good cause" exception applies to the documents at issue in the instant

18  sealing motion, which were filed in connection with a motion to transfer venue. *See* ECF No. 156

19  at 1 (quoting *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice

20  to keep sealed records attached to non-dispositive motions.")). A motion to transfer venue

21  pursuant to 28 U.S.C. § 1404(a) is indisputably nondispositive.

22      In *Center for Auto Safety*, however, the Ninth Circuit clarified its doctrine in this area.

23  There, the Ninth Circuit rejected the proposition that the compelling reasons test is limited "to

24  only those cases in which the motion at issue is literally dispositive." 809 F.3d at 1098. The

25  Ninth Circuit held that the appropriate sealing standard instead turns on whether "the motion at

26  issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. As the

27                                                    3

28  Case No. 19-cv-02520-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE
    UNDER SEAL

United States District Court
Northern District of California

1    Ninth Circuit pointed out, it had crafted the "good cause" standard for "sealed materials attached

2    to a discovery motion unrelated to the merits of a case." *Id.* at 1097 (citing *Phillips ex rel. Estates*

3    *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213–14 (9th Cir. 2002)).  Indeed, "the 'good

4    cause' language comes from [Federal] Rule [of Civil Procedure] 26(c)(1), which governs the

5    issuance of protective orders in the discovery process." *Id.*  The *Center for Auto Safety* court went

6    on to explain that "[a]pplying the good cause standard from Rule 26(c) as an exception for

7    discovery-related motions makes sense" because "'much of the information that surfaces during

8    pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of

9    action.'" *Id.* (citing *Phillips*, 307 F.3d at 1213).  Consequently, "the private interests of litigants

10   are 'the only weights on the scale'" when sealing a discovery-related motion.  *Id.*

11        By contrast, most other litigation in a case "is not literally 'dispositive,' but nevertheless

12   involves important issues and information to which our case law demands the public should have

13   access." *Id.* at 1098.  For that reason, said the Ninth Circuit, such nondispositive litigation

14   implicates the "long held interest in ensuring the public's understanding of the judicial process and

15   of significant public events." *Id.* (internal quotation marks omitted).  The Ninth Circuit's opinion

16   relied in part on the First Circuit's approach, under which "the public has a right of access to

17   'materials on which a court relies in determining the litigants' substantive rights' which are

18   'distinguished from those that relate merely to the judge's role in management of the trial.'" *Id.*

19   (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013).  Accordingly, in finding that

20   the compelling reasons standard applies to a motion for a preliminary injunction, the Ninth Circuit

21   emphasized that preliminary injunctions "may certainly affect litigants' substantive rights" and

22   "invoke important Article III powers." *Id.* at 1100.

23        The upshot of the *Center for Auto Safety* decision is that nondispositive motions that are

24   "more than tangentially related to the underlying cause of action" remain subject to the compelling

25   reasons standard. *Id.* at 1101; *see Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-

26   WHO, 2018 WL 4501146, at *3 (N.D. Cal. Sept. 18, 2018).  Hence, Plaintiff's argument that the

27                                                    4

28   Case No. 19-cv-02520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE
     UNDER SEAL

United States District Court
Northern District of California

1    "good cause" standard applies to the instant sealing motion because it concerns a motion to

2    transfer venue is based on an outdated statement of Ninth Circuit law.

3          The Ninth Circuit has not decided the specific issue presented by the instant motion—

4    namely, whether a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) falls within the "good

5    cause" exception.  Based on the principles in *Center for Auto Safety*, the Court concludes that the

6    motion to transfer venue is more than tangentially related to the underlying cause of action and

7    therefore applies the compelling reasons standard.  A motion to transfer venue under 28 U.S.C.

8    § 1404(a) requires the Court to find that "the transferee district has personal jurisdiction over all of

9    the Defendants."  *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 834 (N.D. Cal. 2018); *Hoffman*

10   *v. Blaski*, 363 U.S. 335, 344 (1960).  Personal jurisdiction, of course, implicates a litigant's due

11   process rights.  *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001).  Thus,

12   although the motion to transfer turns in part on "convenience of parties and witnesses," 28 U.S.C.

13   § 1404(a), the motion also "affect[s] [the] litigants substantive rights," *Ctr. for Auto Safety*, 809

14   F.3d at 1098.

15         A motion to transfer may also be closely related to the underlying cause of action where, as

16   here, personal jurisdiction is based on specific jurisdiction—i.e., "jurisdiction for a cause of action

17   that arises out of the defendant's forum-related activities."  *Yahoo! Inc. v. La Ligue Contre Le*

18   *Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).  That is because the specific

19   jurisdiction inquiry requires the Court to analyze the underlying cause of action to determine

20   whether it "arises out of the defendant's forum-related activities."  *Id.*  The instant case involves,

21   *inter alia*, allegations of anticompetitive behavior under the federal antitrust laws.  Specific

22   jurisdiction therefore turns in part on whether Defendants' "allegedly anticompetitive behavior is

23   targeted at a resident of the forum, or at the forum itself."  *In re Cathode Ray Tube (CRT) Antitrust*

24   *Litig.*, 27 F. Supp. 3d 1002, 1011 (N.D. Cal. 2014).  Hence, unlike "information that surfaces

25   during pretrial discovery" that ultimately proves irrelevant to the suit, *see Phillips*, 307 F.3d at

26   1213, the materials sought to be sealed here cannot be said to be merely tangential to the

27                                                    5

28   Case No. 19-cv-02520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE
     UNDER SEAL

1    underlying cause of action.

2         For these reasons, the Court holds that the "good cause" exception is inappropriate and that

3    the presumptive compelling reasons standard applies to Plaintiff's sealing motion.

4         In our district, in addition to meeting the applicable sealing standard, all parties requesting

5    sealing must comply with Civil Local Rule 79–5.  That rule requires, *inter alia*, the moving party

6    to "establish . . . that the document, or portions thereof, are privileged, protectable as a trade secret

7    or otherwise entitled to protection under the law."  Civ. L.R. 79–5(b).  In order to do so, Civil

8    Local Rule 79-5(d) requires the submitting party to attach a "declaration establishing that the

9    document sought to be filed under seal, or portions thereof, are sealable," a proposed order that

10   "lists in table format each document or portion thereof that is sought to be sealed," and an

11   "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the

12   portions of the document that have been omitted from the redacted version."  The sealing request

13   must also "be narrowly tailored to seek sealing only of sealable material."  Civ. L.R. 79–5(b).

## II.    DISCUSSION

15        The Court now turns to the merits of the sealing motion.  Plaintiff seeks to seal portions of

16   five different documents: (1) Plaintiff's Opposition to the motion to transfer venue ("Opposition");

17   (2) the Declaration Jennifer Wahnschaff in Support of Plaintiff's Opposition ("Wahnschaff

18   Declaration") (ECF No. 157-2); (3) Exhibit 38 to the Declaration of Lai L. Yip in Support of

19   Plaintiff's Opposition ("Yip Declaration") (ECF No. 157-7); (4) Exhibit 59 to the Yip Declaration

20   (ECF No. 158-2); and (5) Exhibit 73 to the Yip Declaration (ECF No. 158-1).

21        First, Plaintiff asserts that (1) Plaintiff's Opposition, (2) the Wahnschaff Declaration, and

22   (5) Exhibit 73 to the Yip Declaration contain "confidential business information," the public

23   disclosure of which would harm Continental's and non-party CBRE, Inc.'s business interests.

24   ECF No. 156-1 ¶¶ 3-4.  Applying the compelling reasons standard, the Court is satisfied that

25   Plaintiff has justified sealing as to these three documents.

26        The U.S. Supreme Court and the Ninth Circuit have both made clear that compelling

27                                          6

28   Case No. 19-cv-02520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE
     UNDER SEAL

United States District Court
Northern District of California

1    reasons exist to seal court records when the records "might be used . . . 'as sources of business

2    information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at

3    1097 (quoting *Nixon*, 435 U.S. at 598). Such business information includes, but is not limited to,

4    "trade secrets." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted the Restatement's

5    definition of "trade secret," *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), which is "any

6    formula, pattern, device or compilation of information which is used in one's business, and which

7    gives him an opportunity to obtain an advantage over competitors who *do* not know or use it,"

8    Restatement (First) of Torts § 757, cmt. b. For instance, "pricing terms, royalty rates, and

9    guaranteed minimum payment terms" of patent licensing agreements have been deemed sealable

10    trade secrets. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

11          The information to be redacted in Plaintiff's Opposition and the Wahnschaff Declaration

12    are the number of customers using Plaintiff's products as well as the names of certain customers.

13    Relevant here, courts in our circuit have found sales data and customer identities to be sealable, to

14    the extent that information is kept confidential. *See, e.g.*, *Cox v. Roadrunner Intermodal Servs.*,

15    LLC, No. 117CV01056DADBAM, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019) ("Courts

16    have found it appropriate to redact private financial information of competitive value."); *Johnstech

17    Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3

18    (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of

19    business to those customers"); *Stone v. Advance Am., Cash Advance Centers, Inc.*, No. 08CV1549

20    WQH WMC, 2011 WL 662972, at *1 (S.D. Cal. Feb. 11, 2011) (granting motion to seal "volume

21    and market share" ). The Court agrees that such information could "harm a litigant's competitive

22    standing," *Nixon*, 435 U.S. at 598, by giving competitors private data about the litigant's

23    performance and business strategy.

24          The Court likewise finds that Exhibit 73 to the Yip Declaration is sealable because it is the

25    proprietary work product of CBRE, Inc. ("CBRE"). ECF No. 156-1 ¶ 4. The exhibit was

26    prepared by CBRE in furtherance of its internal business development. *Id.* Public disclosure

27                                                    7

28    Case No. 19-cv-02520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE
     UNDER SEAL

United States District Court
Northern District of California

1  would give CBRE's competitors in the real estate industry an unfair advantage.  *See, e.g.*, *Krieger*

2  *v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25,

3  2011) (sealing a presentation that contained "discussions of business strategy and competitive

4  analyses"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 6002319,

5  at *1 (N.D. Cal. Nov. 15, 2018) (approving the sealing of information that "prevent[s] competitors

6  from gaining insight into the parties' business model and strategy").

7       However, Plaintiff also requests sealing of (3) Exhibit 38 to the Yip Declaration and (4)

8  Exhibit 59 to the Yip Declaration "pursuant to Civil Local Rule 79–5(e)."  ECF No. 156-1 ¶¶ 5-6.

9  Civil Local Rule 79–5(e) governs sealing where a party other than the moving party—referred to

10  by the rule as "the Designating Party"—has designated the information to be sealed as

11  confidential.  The rule requires the moving party to serve a declaration that "identifies the

12  document or portions thereof which contain the designated confidential material" on the

13  Designating Party and file proof of such service with the Court.  Civ. L.R. 79–5(e).  The

14  Designating Party must then provide the Court with the declaration "establishing that all of the

15  designated material is sealable."  Civ. L.R. 79–5(e)(1); *see* Civ. L.R. 79–5(d)(1)(A).

16       Here, Plaintiff represents that the Nokia Defendants have designated portions of Exhibit 38

17  to the Yip Declaration as confidential and that non-party BlackBerry has designated portions of

18  Exhibit 59 to the Yip Declaration as confidential.  ECF No. 156-1 ¶¶ 5-6.  Plaintiff served the

19  instant administrative motion on the Nokia Defendants on August 28, 2019, as required by Civil

20  Local Rule 79–5(e).  ECF No. 160.  Plaintiff also served the instant administrative motion on non-

21  party BlackBerry on September 5, 2019.  ECF No. 170.  The Nokia Defendants and BlackBerry

22  subsequently failed to file declarations in support of sealing.  Because those parties have not

23  complied with Civil Local Rule 79–5(e)(1), the Court DENIES without prejudice Plaintiff's

24  administrative motion as to Exhibits 38 and 59 to the Yip Declaration.

25       Thus, the Court rules on the instant motions as follows:

26

27                                                          8

28  Case No. 19-cv-02520-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE
    UNDER SEAL

*(left margin, rotated)* United States District Court Northern District of California

| Document | Page/Line | Ruling |
|---|---|---|
| Opposition | Page 2, line 2 | GRANTED. |
| Opposition | Page 3, line 6 | GRANTED. |
| Opposition | Page 3, lines 13-14 | GRANTED. |
| Opposition | Page 3, line 15 | GRANTED. |
| Opposition | Page 25, line 6 | GRANTED. |
| Exhibit 38 to the Yip Declaration | Entire document | DENIED without prejudice. |
| Exhibit 59 to the Yip Declaration | Entire document | DENIED without prejudice. |
| Exhibit 73 to the Yip Declaration | Entire document | GRANTED. |
| Wahnschaff Declaration | Page 1, lines 18-19 | GRANTED. |
| Wahnschaff Declaration | Page 1, lines 25-26 | GRANTED. |
| Wahnschaff Declaration | Page 1, lines 27-28 | GRANTED. |

The Court orders Plaintiff to meet and confer with the Nokia Defendants to determine whether and to what extent the Nokia Defendants want Exhibit 38 to the Yip Declaration to be sealed. Plaintiff shall also meet and confer with BlackBerry to determine whether and to what extent the BlackBerry wants Exhibit 59 to the Yip Declaration to be sealed. If sealing will be requested, Plaintiff shall file a joint renewed administrative motion to seal by December 11, 2019. That motion must include declarations from the Nokia Defendants and BlackBerry, consistent with this order and Civil Local Rule 79-5(e).

**IT IS SO ORDERED.**

Dated: December 5, 2019

_Lucy H. Koh_
_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

9