UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., <br>    Plaintiff, <br> v. <br> AVANCI, LLC, et al. <br>    Defendants. | No. 3:19-CV-02933-M |

### UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE STATEMENT OF INTEREST

On February 27, 2020, the United States filed a Motion for Leave to File Statement of Interest ("Motion for Leave") and an accompanying Statement of Interest in the above-captioned matter. Plaintiff opposed this Motion on March 4, 2020 ("Opp."), arguing that leave to file should be denied. The United States files this Reply to address several of Plaintiff's arguments.

The United States submitted the Statement of Interest pursuant to 28 U.S.C. § 517, which provides broadly that "any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States." It is not disputed by Plaintiff that the matter was "pending in a court of the United States," or that the filing was otherwise not authorized by the governing statute. Nor could it plausibly so argue, as numerous courts have held, consistent with the plain-language reading, that "[t]he United States Executive has the statutory authority, in any case in which it is interested, to file a statement of interest." *See Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 384 (3d. Cir. 2006) (noting that in addition to filing a statement

of interest under its statutory authority, the United States "[a]lternatively. . . could have intervened in the case or petitioned the court to participate as amicus curiae.").[1]

The United States' Statement of Interest in this matter, like other amicus briefs and statements of interest it recently has filed, is "timely, useful, or otherwise necessary to the administration of justice." *See* Opp. at 1-2. Indeed, other courts have noted that they found the Antitrust Division's Statements of Interest to be useful and informative. In *In re Cathode Ray Tube Antitrust Litigation*, the court described the United States' statement of interest as "very helpful." Transcript of Proceedings at 14-15, No. 4:07-cv-05944 (N.D. Cal. June 12, 2019), Dkt. 5503. The Seventh Circuit actively solicited an amicus brief from the Antitrust Division and, having received it, "thank[ed] the Department for having accepted our invitation." *Mountain Crest SRL, LLC v. Anheuser-Busch InBev SA/NV*, 937 F.3d 1067, 1080 n.62 (7th Cir. 2019). Indeed, just this past week the Seventh Circuit observed that the "United States [Department of Justice, Antitrust Division] appearing as *amicus curiae*, agrees that the district court's. . . analysis was incorrect" in the course of its decision reversing the district court. *Marion Healthcare, LLC v. Becton Dickinson & Co.*, 2020 U.S. App. LEXIS 6938, *23 (7th Cir. Mar. 5, 2020). In *In re Railroad Industry Employee No-Poach Antitrust Litigation*, similarly, the court

---

[1] *See also City of New York v. Permanent Mission of India to the UN*, 446 F.3d 365, 376 n. 17 (2d. Cir. 2006) ("[T]he United States did not on its own initiative file a statement of interest, *as it might have done*, pursuant to 28 U.S.C. § 517. . . . In the course of the proceedings remanded to the district court, the United States is, of course, *free to file a further statement of interest if it thinks* developments so warrant.") (emphasis added); *United States v. Brookdale Senior Living Cmtys, Inc.*, 892 F.3d 822, 833 n. 6 (6th Cir. 2018); *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017) ("28 U.S.C. § 517 . . . allows an officer of the Department of Justice [] to file a statement of interest, contains no time limitation and does not require the Court's leave. Courts have interpreted 28 U.S.C. § 517 broadly and have generally denied motions to strike statements of interest.")

**Reply to Opposition to Motion for Leave to File Statement of Interest – Page 2**

noted that its holding was "supported by the government's explanation in its statement of interest and at the hearing on the motion to dismiss." 395 F. Supp. 3d 464, 485 (W.D. Pa. 2019).

The Statement of Interest is also timely. The United States is aware that briefing was conducted on the matter in the Northern District of California last year. The United States notes, however, that district courts in that circuit have had numerous opportunities to consider the application of Section 2 to FRAND-licensing disputes and develop caselaw in this area. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 120416, *12-16 (N.D. Cal 2011); *Huawei Techs., Co v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 953-54 (N.D. Cal 2018); *TCL Commc'ns. Tech. Holdings, Ltd. v. Telefonaktenbologet LM Ericsson*, 2014 U.S. Dist. LEXIS 197559, *17 (C.D. Cal 2014). The Northern District of Texas, by contrast, has only written one decision in a matter in which this question was presented. *See Research in Motion Ltd. v. Motorola, Inc.*, 644 F. Supp. 2d 788, 796-97 (N.D. Tex. 2008). That decision was written over 10 years ago, prior to a great deal of further judicial and expert exploration of these issues, which the Statement of Interest sets forth. Therefore, the United States, in its discretion, determined that the Statement of Interest would be of greater utility to this Court considering the Section 2 questions at issue, and submitted it during the course of the renewed briefing.[2] *See United States v. Brookdale Senior Living Cmtys, Inc.*, 892 F.3d 822, 833 n. 6 (6th Cir. 2018) ("The legislative

---

[2] As noted by Plaintiff, the United States only took a position on Section 2 issues. Taking a position on a subset of issues in a Statement of Interest has been explicitly permitted. *See United States v. Brookdale Senior Living Communities, Inc.*, 892 F.3d 822, 833 n. 6 (6th Cir. 2018) ("The United States appeared, as it is authorized to do so, to speak only on [one] issue. The dissent's implied criticism of the United States' counsel taking only a limited position in this case is not well-founded.") (internal citations omitted). Nor is the United States' position here duplicative of the Motion to Dismiss. Defendants argue that, even accepting *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007), Plaintiff failed to plead adequately a Section 2 claim. The United States argues that courts in the Fifth Circuit should not follow this decision, as alleged deceptions in this context do not articulate a Section 2 claim.

**Reply to Opposition to Motion for Leave to File Statement of Interest – Page 3**

branch has created the scheme that gives the executive branch the ability to attend to the interests of the United States, as it—not we—may choose.") (internal quotation marks and citations omitted).  In any event, Section 517 has no time restriction other than that the matter be "pending."  *See Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017) (recognizing that Section 517 "contains no time limitation").

Plaintiff's attempt to dispute the substance of the United States' argument, *see* Opp. at 4-5 (collecting citations), merely underscores its utility.  Plaintiff asserts that the United States' views are contrary to a supposed expert "consensus," *see id.* at 4, but the existence of any such consensus is belied not only by the secondary sources that the Statement of Interest cites, but also by statements of experts supporting the United States' policy position, *see, e.g.*, Letter from Judges, Former Judges and Government Officials, Legal Academics, and Economists to Makan Delrahim, Assistant Att'y Gen., Antitrust Div., U.S. Dep't of Justice (February 13, 2018), https://cpip.gmu.edu/wp-content/uploads/sites/31/2018/02/Letter-to-DOJ-Supporting-Evidence-Based-Approach-to-Antitrust-Enforcement-of-IP.pdf, which Plaintiff does not cite.

Plaintiff does not explain, moreover, how the existence of disagreement diminishes the usefulness of the United States' position.  The United States agrees with Plaintiff that this is an unsettled area of law in which some courts, academics, and practitioners have expressed views. *See, e.g.,* Statement of Interest at n. 23 & n. 26 (collecting citations, such as Bruce H. Kobayashi & Joshua D. Wright, *Federalism, Substantive Preemption, and Limits on Antitrust: An Application to Patent Holdup*, 5 J. Comp. L. & Econ. 469 (2009), dating back many years regarding the proper application of Section 2 in this context).  Overbroad interpretations of antitrust laws in unsettled areas do not advance the ultimate goal of antitrust laws—preserving competition on the merits.  *See, e.g., Verizon Commc'ns., Inc. v. Law Offices of Curtis V. Trinko,*

*LLP*, 540 U.S. 398, 407 (2004) (discussing the importance of not unduly punishing successful competitors with overbroad interpretations of Section 2).  That the proper interpretation of the law is disputed is all the more reason for the Court to consider the views of the United States, which unquestionably has a strong interest in preserving competition on the merits and promoting the sound application of antitrust law.

        Respectfully submitted,

        /s/ *Andrew DeLaney*

        ANDREW N. DeLANEY (NYBN 4713947)
        DANIEL E. HAAR
        Attorneys, Antitrust Division
        U.S. Department of Justice
        950 Pennsylvania Ave. NW
        Washington, DC 20530
        Telephone: (202) 598-2846
        Facsimile: (202) 514-0536
        E-mail: andrew.delaney@usdoj.gov
        Attorneys for the United States of America

Certificate of Service

On March 11, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Andrew DeLaney*
Andrew DeLaney
Attorney, Antitrust Division
U.S. Department of Justice